**ORIGINAL**

# In the United States Court of Federal Claims

No. 16-1424C
Filed December 1, 2016
NOT FOR PUBLICATION

**FILED**

**DEC - 1 2016**

**U.S. COURT OF FEDERAL CLAIMS**

|  |  |
|---|---|
| WILLIAM A. TOWNSEND, | ) |
| Plaintiff, | ) |
| v. | ) *Pro Se*; Rule 12(h)(3), Dismissal for Lack of Subject-Matter Jurisdiction; 28 U.S.C. § 2254; 42 U.S.C. § 1983; 28 U.S.C. § 1631. |
| THE UNITED STATES, | ) |
| Defendant. | ) |

*William A. Townsend*, Indiantown, FL, plaintiff *pro se*.

*Stephen Charles Hough*, Trial Attorney, *L. Misha Preheim*, Assistant Director, *Robert E. Kirschman, Jr.*, Director and *Benjamin C. Mizer*, Principal Deputy Assistant Attorney General, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for defendant.

**MEMORANDUM OPINION AND ORDER**

GRIGGSBY, Judge

**I.     INTRODUCTION**

Plaintiff *pro se*, William A. Townsend, brought this action challenging the conditions of his incarceration in connection with his criminal conviction in the State of Florida. For the reasons explained more fully below, the Court does not possess subject-matter jurisdiction to consider plaintiff's claim. And so, the Court **DISMISSES** the complaint for lack of jurisdiction, pursuant to Rule 12(h)(3) of the Rules of the United States Court of Federal Claims ("RCFC").

## II. FACTUAL AND PROCEDURAL BACKGROUND[1]

### A. Factual Background

Plaintiff *pro se*, William A. Townsend, commenced this action on October 21, 2016. *See generally* Compl. Plaintiff is currently incarcerated at the Martin Correctional Institution located in Indiantown, Florida, in connection with his criminal conviction for first degree murder and other offenses under Florida state law. *See* Sentencing Report, *State of Florida v. Townsend*, No. 97-7241 (Cir. Ct. Fla. Nov. 17, 1999).

Plaintiff's complaint is difficult to follow. *See generally* Compl. But, it appears that the gravamen of plaintiff's complaint is a challenge to his criminal conviction and to the conditions of his incarceration.[2] *Id.* In the complaint, plaintiff alleges that certain prison officials or inmates have interfered with the receipt of his mail and infringed upon his First Amendment rights. *Id.* at 1. Plaintiff also alleges that, among other things, he "is being held against [his] Will." [sic] *Id.*

In this regard, plaintiff cites 28 U.S.C. § 2254–the federal statute that permits a prisoner in custody pursuant to a state court judgment to seek relief in federal court by petitioning for a writ of habeas corpus. *Id.* at 4. Plaintiff also points to the federal civil rights statute–42 U.S.C § 1983–as another legal basis for his claim. *Id.*

Prior to commencing this action, plaintiff had filed several cases seeking to challenge various aspects of his conviction and sentence to incarceration in the federal courts. On October 10, 2014, plaintiff filed a case in this Court in which he alleged that certain Florida Department of Corrections employees had committed hate crimes against him and interfered with his mail. *See* Complaint, *Townsend v. United States*, No. 14-976 (Fed. Cl. Oct. 10, 2014). The Court dismissed that matter on March 11, 2015. *See* Order of Dismissal, *Townsend v. United States*,

---

[1] The facts recited in this Memorandum Opinion and Order are taken from plaintiff's complaint ("Compl.") and court records that pertain to plaintiff's previous litigation in the federal courts.

[2] In 1999, a Florida jury convicted Mr. Townsend of murder in the first degree and felony possession of a firearm. *See* Sentencing Report, *State of Florida v. Townsend*, No. 97-7241 (Cir. Ct. Fla. Nov. 17, 1999). Mr. Townsend was sentenced to life without parole. *Id.* The Florida Third District Court of Appeal affirmed his conviction in 2001. *See* Mandate, *State of Florida v. Townsend*, No. 97-7241 (Cir. Ct. Fla. Jul. 16, 2001).

2

No. 14-976 (Fed. Cl. Mar. 11, 2015). On June 7, 2012, Mr. Townsend filed a civil rights case in the United States District Court for the Northern District of Florida in which he also alleged, among other things, that various Florida Department of Corrections employees committed hate crimes against him and interfered with his mail. *See* Complaint, *Townsend v. Palmer*, No. 12-176 (N.D. Fla. Jun. 7, 2012).

In addition, on September 4, 2014, Mr. Townsend filed a writ of mandamus in the United States District Court for the Middle District of Florida, challenging, among other things, the conditions of his incarceration at several different institutions over the past several years. *See* Writ of Mandamus, *Townsend v. Secy., Dept. of Corr.*, No. 14-1065 (M.D. Fla. Sep. 4, 2014). Lastly, on November 4, 2014, Mr. Townsend filed a petition for a writ of habeas corpus in the United States District Court for the Southern District of Florida, challenging the constitutionality of his criminal conviction and sentence to incarceration. *See* Writ of Habeas Corpus, *Townsend v. Secy., Fla. Dept. of Corr.*, No. 14-24126 (S.D. Fla. Nov. 4, 2014); Report and Recommendations, *Townsend v. Secy., Fla. Dept. of Corr.*, No. 14-24126 (S.D. Fla. Nov. 10, 2014).

### B. Procedural Background

Plaintiff filed the complaint in this matter on October 21, 2016. *See generally* Compl. On November 21, 2016, the government filed a motion to dismiss the complaint for lack of subject-matter jurisdiction, pursuant to RCFC 12(b)(1). *See generally* Def. Mot.[3]

### III. STANDARDS OF REVIEW

#### A. Pro Se Litigants

Plaintiff is proceeding in this matter *pro se*, without the benefit of counsel. And so, the Court applies the pleading requirements leniently. *Beriont v. GTE Labs., Inc.*, 535 F. App'x 919, 925-26 n.2 (Fed. Cir. 2013) (citing *McZeal v. Sprint Nextel Corp.*, 501 F.3d 1354, 1356 (Fed. Cir. 2007)).

---

[3]Because the Court has determined sua sponte that it does not possess subject-matter jurisdiction to consider plaintiff's claims, the Court does not address the matters raised in the government's motion to dismiss and dismisses this matter pursuant to RCFC 12(h)(3).

3

When determining whether a complaint filed by a *pro se* plaintiff is sufficient to survive a motion to dismiss, this Court affords more leeway under the rules to *pro se* plaintiffs than to plaintiffs who are represented by counsel. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972) (holding that *pro se* complaints, "however inartfully pleaded," are held to "less stringent standards than formal pleadings drafted by lawyers."); *Matthews v. United States*, 750 F.3d 1320, 1322 (Fed. Cir. 2014). But, there "is no duty on the part of the trial court to create a claim which [the plaintiff] has not spelled out in his pleading." *Lengen v. United States*, 100 Fed. Cl. 317, 328 (2011) (brackets existing; citations omitted). And so, while "a *pro se* plaintiff is held to a less stringent standard than that of a plaintiff represented by an attorney, . . . the *pro se* plaintiff, nevertheless, bears the burden of establishing the Court's jurisdiction by a preponderance of the evidence." *Riles v. United States*, 93 Fed. Cl. 163, 165 (2010) (citing *Taylor v. United States*, 303 F.3d 1357, 1359 (Fed. Cir. 2002)). Given this, the Court may excuse ambiguities, but not defects, in the complaint. *See Colbert v. United States*, 617 F. App'x 981, 983 (Fed. Cir. 2015); *see also Demes v. United States*, 52 Fed. Cl. 365, 368 (2002) ("[T]he leniency afforded *pro se* litigants with respect to mere formalities does not relieve them of jurisdictional requirements.") (citation omitted).

### B.    Jurisdiction And RCFC 12(h)(3)

It is well established that this Court's subject-matter jurisdiction must be established before it addresses the merits of a claim. *Plains Comm. Bank v. Long Family Land & Cattle Co.*, 554 U.S. 316, 324 (2008) (citing *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 88-89 (1998) (holding that subject-matter jurisdiction is "a threshold question that must be resolved . . . before proceeding to the merits")). In this regard, the United States Court of Federal Claims is a court of limited jurisdiction and "possess[es] only that power authorized by Constitution and statute . . . ." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). The Tucker Act grants the Court jurisdiction over:

> [A]ny claim against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort.

28 U.S.C. § 1491(a)(1).

4

The Tucker Act, however, is a "jurisdictional statute; it does not create any substantive right enforceable against the United States for money damages . . . . [T]he Act merely confers jurisdiction upon [the United States Court of Federal Claims] whenever the substantive right exists." *United States v. Testan*, 424 U.S. 392, 398 (1976) (citation omitted). And so, to pursue a substantive right against the United States under the Tucker Act, a plaintiff must identify and plead a money-mandating constitutional provision, statute, or regulation; an express or implied contract with the United States; or an illegal exaction of money by the United States. *Cabral v. United States,* 317 F. App'x 979, 981 (Fed. Cir. 2008) (citing *Fisher v. United States*, 402 F.3d 1167, 1173 (Fed. Cir. 2005)); *Norman v. United States*, 429 F.3d 1081, 1095 (Fed. Cir. 2005). "[A] statute or regulation is money-mandating for jurisdictional purposes if it 'can fairly be interpreted as mandating compensation for damages sustained as a result of the breach of the duties [it] impose[s].'" *Fisher*, 402 F.3d at 1173 (quoting *United States v. Mitchell*, 463 U.S. 206, 217 (1983)) (brackets existing).

Specifically relevant to this matter, it is well established that the Court does not possess jurisdiction to review or to consider criminal matters. *See Cooper v. United States*, 104 Fed. Cl. 306, 311-12 (2012) (holding that this Court cannot review criminal matters). It is also well established that "subject-matter jurisdiction, because it involves a court's power to hear a case, can never be forfeited or waived." *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 514 (2006) (citations omitted). "[F]ederal courts have an independent obligation to ensure that they do not exceed the scope of their jurisdiction, and therefore they must raise and decide jurisdictional questions that the parties either overlook or elect not to press." *Henderson ex rel. Henderson v. Shinseki*, 562 U.S. 428, 434 (2011) (citations omitted). And so, "a court has a duty to inquire into its jurisdiction to hear and decide a case." *Special Devices, Inc., v. OEA Inc.*, 269 F.3d 1340, 1342 (Fed. Cir. 2001) (citations omitted).

In addition, "[a] court may and should raise the question of its jurisdiction *sua sponte* at any time it appears in doubt." *Arctic Corner, Inc. v. United States*, 845 F.2d 999, 1000 (Fed. Cir. 1988) (citation omitted). To that end, the Court may not allow any matter to proceed that alleges a basis for jurisdiction "'so attenuated and unsubstantial as to be absolutely devoid of merit.'" *Kroll v. Finnerty*, 242 F.3d 1359, 1362 (Fed. Cir. 2001) (quoting *Hagans v. Lavine*, 415 U.S. 528, 536-37 (1974)). And so, should the Court determine at any stage during litigation that it lacks subject-matter jurisdiction, the Court must dismiss the action. RCFC 12(h)(3).

## IV. DISCUSSION

### A. The Court Does Not Possess Jurisdiction To Consider Plaintiff's Claims

The Court may not entertain Mr. Townsend's challenge to his criminal conviction and sentence to incarceration. It is well established that this Court does not possess subject-matter jurisdiction to review or consider criminal matters. *See Cooper*, 104 Fed. Cl. at 311-12 (holding that this Court cannot review criminal matters). In the complaint, Mr. Townsend alleges that certain prison officials or inmates have interfered with the receipt of his mail and infringed upon his First Amendment rights in connection with his incarceration at the Martin Correctional Institution. Compl. at 1. Plaintiff also alleges in the complaint that he "is being held against [his] Will." [sic] *Id.*

Because the gravamen of Mr. Townsend's complaint is a challenge to his criminal law conviction and the conditions of his incarceration, the Court does not possess subject-matter jurisdiction to consider plaintiff's claims. And so, the Court must dismiss the complaint for lack of subject-matter jurisdiction. RCFC 12(h)(3).

In addition, to the extent that plaintiff alleges a civil rights claim in the complaint, the Court is similarly without jurisdiction to entertain such a claim. *See, e.g., Jefferson v. United States*, 104 Fed. Cl. 81, 89 (2012) (citing multiple cases holding that the Court of Federal Claims lacks jurisdiction to entertain claims brought under 42 U.S.C. §§ 1983, 1985 and 1988). In the complaint, plaintiff points to a portion of the Civil Rights Act, 42 U.S.C § 1983, as a legal basis for his claim. Compl. at 4. It is well established that this Court may not consider claims arising under section 1983. *See, e.g., Jefferson*, 104 Fed. Cl. at 89. And so, the Court does not possess subject-matter jurisdiction to entertain any of plaintiff's claims.[4] RCFC 12(h)(3).

### B. Transfer Of This Matter To Another Court Is Not In The Interest Of Justice

Lastly, it is not in the interest of justice to transfer plaintiff's complaint to a district court, pursuant to 28 U.S.C. § 1631 (2012). *See Tex. Peanut Farmers v. United States*, 409 F.3d 1370, 1374-75 (Fed. Cir. 2005) (stating that the Court of Federal Claims should consider whether

---

[4] The Court is similarly without jurisdiction to consider tort claims. *See Trafny v. United States*, 503 F.3d 1339, 1340 (Fed. Cir. 2007).

6

transfer is appropriate once the court has determined that it lacks jurisdiction). Section 1631 states, in pertinent part, that:

> Whenever a civil action is filed in a court as defined in section 610 of this title or an appeal, including a petition for review of administrative action, is noticed for or filed with such a court and that court finds that there is a want of jurisdiction, the court shall, if it is in the interest of justice, transfer such action or appeal to any other such court in which the action or appeal could have been brought.

28 U.S.C. § 1631; *see* 28 U.S.C. § 610 (2012) (defining courts as "courts of appeals and district courts of the United States, the United States District Court for the District of the Canal Zone, the District Court of Guam, the District Court of the Virgin Islands, the United States Court of Federal Claims, and the Court of International Trade"). The United States Court of Appeals for the Federal Circuit has also held that "[t]he phrase 'if it is in the interest of justice' relates to claims which are nonfrivolous and as such should be decided on the merits." *Galloway Farms, Inc. v. United States*, 834 F.2d 998, 1000 (Fed. Cir. 1987) (citing 28 U.S.C. § 1631). And so, "[a] decision to transfer rests within the sound discretion of the transferor court, and the court may decline to transfer the case '[i]f such transfer would nevertheless be futile given the weakness of plaintiff's case on the merits.'" *Spencer v. United States*, 98 Fed. Cl. 349, 359 (2011) (alteration in original) (quoting *Faulkner v. United States*, 43 Fed. Cl. 54, 56 (1999)).

The facts in this case demonstrate that plaintiff has unsuccessfully pursued the same or similar claims to those asserted here in prior litigation before this Court and several district courts. For example, on March 11, 2015, this Court dismissed a previous case brought by plaintiff in which he also alleged that certain Florida Department of Corrections employees had impersonated him, interfered with his mail and endangered his family members. *See* Order of Dismissal, *Townsend v. United States*, No. 14-976 (Fed. Cl. Mar. 11, 2015). The United States District Court for the Northern District of Florida also dismissed a similar case brought by plaintiff in that court on September 26, 2012. *See* Report and Recommendation, *Townsend v. Palmer, et al.*, No. 12-176 (N.D. Fla. Sept. 26, 2012). Given this, a transfer of this matter would be futile. And so, the Court concludes that a transfer of this matter to a district court is not in the interest of justice.[5]

---

[5] Plaintiff has not paid the filing fee, nor has he filed a motion to proceed *in forma pauperis*. A prisoner may not proceed *in forma pauperis* if the prisoner, while detained, previously had three or more

V.  **CONCLUSION**

In sum, when construed in the light most favorable to plaintiff, a plain reading of the complaint demonstrates that the Court does not possesses subject-matter jurisdiction to consider plaintiff's claims. And so, the Court must dismiss this matter for lack of subject-matter jurisdiction. RCFC 12(h)(3).

For the foregoing reasons, the Court **DISMISSES** the complaint.

The Clerk's Office is directed to **ENTER** final judgment in favor of the government **DISMISSING** the complaint.

No Costs.

**IT IS SO ORDERED.**

LYDIA KAY GRIGGSBY
Judge

---

complaints dismissed as frivolous, malicious, or for failure to state a claim upon which relief may be granted, "unless the prisoner is in imminent danger of serious physical injury." 28 U.S.C. § 1915(g). The dismissal of this case counts as a "strike" under 28 U.S.C. § 1915(g).